**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**COURT FILE NO.: CV - _____**

| | |
|---|---|
| ARTERRIA BERNAY MCCUTCHEON, <br><br>  Plaintiff, <br> v. <br><br> PREMIER RECOVERY GROUP, INC., <br><br> Defendants. | |

**VERIFIED COMPLAINT**

 **COMES NOW**, the Plaintiff, ARTERRIA BERNAY MCCUTCHEON, by and through undersigned counsel, and brings this action against the Defendant, PREMIER RECOVERY GROUP, INC., ("PRG"), and as grounds thereof would allege as follows:

**JURISDICTION**

 1. This is an action for damages that exceed $15,000.00, exclusive of attorney's fees, pre-judgment interest and costs. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA").

 2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

1

3. The FDCPA prevents debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c).

5. Venue is proper in that Plaintiff, Arterria Bernay Mccutcheon ["Plaintiff"] is and was a resident in the Southern District of Florida and a substantial part of the events giving rise to the claim occurred in the Southern District of Florida. Additionally, PRG submitted to the jurisdiction of Florida courts by registering itself as a Consumer Collection Agency with Florida's Office of Financial Regulation.

## **PARTIES**

6. At all times material hereto, Defendant, Premier Recovery Group, Inc., was and is a foreign corporation, incorporated under the laws of the State of New York and registered as a Consumer Collection Agency with Florida's Office of Financial Regulation and is an inactive Florida Corporation.

7. At all times material hereto, PRG regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

8. At all times material hereto, PRG regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

9. At all times material hereto, PRG was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. At all times material hereto, the Plaintiff, was and is a natural persons, and is a "consumer" as that term is defined by 15 USC 1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Act.

11. At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

12. At all times relevant to this complaint, PRG has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed, and/or terminated telecommunications. 47 U.S.C. § 153(14).

13. At all times relevant to this complaint, PRG engages in "telecommunications" as defined by the TCPA. 47 U.S.C. § 153(43).

14. At all times relevant to this complaint, PRG engages in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(22).

15. At all times relevant to this complaint, PRG has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(52).

16. At all times relevant to this complaint, PRG has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

17. At all times relevant to this complaint, the Plaintiff, was and is a natural person "person" as defined by 47 U.S.C. § 153(32).

## BACKGROUND AND GENERAL ALLEGATIONS

18. Around 2013, Plaintiff entered into a "pay day" loan with a Florida Corporation called CashNetUSA of Florida, LLC ("Cash Net").

19. Upon information and belief, Cash Net hired Defendant, PRG, to collect from Plaintiff the alleged amount owed to Cash Net.

20. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

21. On or around October 16, 2014, Plaintiff received a phone call from PRG attempting to collect the debt. Plaintiff responded that she would look into the matter and get back in touch with Defendants.

22. Plaintiff retuned the call the following day and informed Defendant that the debt was disputed and requested written verification of the debt. The PRG employee who Defendant spoke with stated that they would not send any written verification of the debt. PRG stated to Plaintiff that the file will be sent back to Cash Net and PRG will cease collection activities.

23. Plaintiff contacted Cash Net regarding the alleged account and the calls from PRG. Plaintiff was told by Cash Net that the account was no longer with PRG and that they should not be contacting Plaintiff.

24. Despite the account no longer being in PRG's possession and being told to cease calls, PRG continued calling Plaintiff regarding the debt.

25. During Plaintiff's communications with PRG, PRG threatened further legal action including a lawsuit. Further, Defendant's calls were abusive and harassing in nature causing Plaintiff to suffer emotional distress.

26. Upon information and belief, Defendant, PRG, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (954) 662-3550.

27. These calls originated from (716) 335-9947, (888)583-1164, (866)460-7833, (716)247-5958 as well as other numbers and include but are not limited to calls placed on:

| |
|---|
| October 16, 2014 |
| October 22, 2014 |
| October 30, 2014 |

28. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

29. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

### COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

31. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

32. Defendant placed many non-emergency calls, including but limited to the calls referenced in paragraphs 27, to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial prerecorded voice in violation of 47 U.S.C §227 (b)(1)(A)(iii),.

33. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

"… means equipment which has the capacity –
(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
(B) to dial such numbers."

47 U.S.C. § 227(a)(1).

5

34. Plaintiff did not expressly consent to PRG contacting Plaintiff via cellular phone, and even if Plaintiff had, the Plaintiff informed PRG to stop calling her cell phone and was an express revocation of any such consent.

35. For each of the above phone calls placed to Plaintiff's cellular telephone, Plaintiff has been charged by her telephone service provider.

36. Upon information and belief, the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system or used a prerecorded voice.

37. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

38. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

39. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See *Rules and Regulations*

6

*Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

40. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

41. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

42. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

43. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for statutory damages of $1,500.00 for each and every violation, and for such other and further relief as justice may require.

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692g(a)

45. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

46. 15 U.S.C. §1692g(a) states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof is disputed , the debt collector will obtain verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor , if different from the current creditor.

15 U.S.C. §1692g(a)

47. The Defendant's initial communication with Plaintiff was on October 16, 2014.

48. Defendant failed to inform Plaintiff of her rights as stated above during their initial communication, nor did Defendant send written notice to Plaintiff within five days of the initial communication.

49. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692g(a).

50. Plaintiff has hired The Law Offices of Shaya Markovic, P.A. to represent her in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for statutory damages, actual damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT III-VIOLATION OF FDCPA: 15 USC 1692(e)(5)

51. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

52. 15 U.S.C. §1692e(5) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. §1692e(5)

53. After the account was removed from PRG back to the original creditor, PRG continued to contact and threaten Plaintiff with further legal action.

54. PRG, by threatening to file a lawsuit when they were no longer in possession of the account was threatening to take an action that cannot be legally taken or that was intended to be taken by PRG.

55. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e(5).

56. Plaintiff has hired The Law Offices of Shaya Markovic, P.A. to represent her in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for statutory damages, actual damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT IV VIOLATION OF FDCPA: 15 USC 1692d(2)

57.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

58.     15 U.S.C. §1692d(2) states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) the use of any obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

15 U.S.C. §1692d(2)

59.     After the account was removed from PRG back to the original creditor, PRG continued to contact Plaintiff. PRG also threatened Plaintiff with taking further legal action against Plaintiff, despite having no legal authority to do so.

60.     During the calls placed to Plaintiff, Defendant chastised Plaintiff's character and further spoke down to Plaintiff with contempt.

61.     PRG, by threatening to file a lawsuit when they were no longer in possession of the account, making statements that were intended as a rebuke of Plaintiff's character and further harassing the Plaintiff with respect to the account, engaged in conduct prohibited under the FDCPA.

62.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692d(2).

63.     Plaintiff has hired The Law Offices of Shaya Markovic, P.A. to represent her in this action and has agreed to pay a reasonable attorney's fee.

## DEMAND FOR JURY TRIAL

Plaintiff, hereby demands a trial by jury of all issues so triable.

## VERIFICATION

I ARTERRIA BERNAY MCCUTCHEON, Sui Juris, having read the foregoing, hereby verify, under penalty of perjury, that the above statements of facts are true and correct.

*[signature]*

ARTERRIA BERNAY MCCUTCHEON

Respectfully Submitted,

/s/ Shaya Markovic
Shaya Markovic, Esq.
Florida Bar # 92858
Shaya@markoviclaw.com
*Attorney for Plaintiff*
Law Office of Shaya Markovic, P.A.
1221 South 21st Avenue
Hollywood, FL 33020
Telephone: 954-399-9850
Facsimile: 954-399-9854